UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL E. HAWKINS, JR.,

    Plaintiff,

    v.                             CAUSE NO. 3:22-CV-163-RLM-MGG

MARK ALTENHOF, et al.,

    Defendants.

OPINION AND ORDER

Michael E. Hawkins, Jr., a prisoner proceeding without a lawyer, was ordered to show cause why he hadn't paid the initial partial filing fee as ordered by the court. The docket reflects that the initial partial filing fee has now been paid. The case can proceed to screening.

The court must address a procedural matter first. Proceedings in this case to date have been somewhat confused. The court struck Mr. Hawkins's original complaint because it contained unrelated claims against unrelated defendants, and gave him an opportunity to file an amended complaint containing only related claims against related defendants. (ECF 3.) He was told that if he wanted to pursue other unrelated claims, he had to do so in a new lawsuit. (*Id.*) He responded by filing two complaints, both under this cause number, asserting discrete claims against discrete defendants. One complaint asserted claims against his attorney, Mark Altenhof, related to his handling of Mr. Hawkins's criminal case (ECF 4), and the other asserted claims against Sergeant Leeper (first name unknown) related to his assignment of

bunk beds at the Elkhart County Jail (ECF 5). The court severed the complaint against Sergeant Leeper and had it opened as a new case. *See* Hawkins v. Leeper, 3:22-CV-288-RLM-MGG (N.D. Ind. filed Apr. 12, 2022).

Not long after that, Mr. Hawkins filed another complaint under this cause number against Sergeant Leeper. (ECF 9.) The complaint duplicates the claims he is asserting in the #288 case involving Sergeant Leeper's assignment of bunks at the Elkhart County Jail. It is "malicious" for Mr. Hawkins to use the in forma pauperis statute to file lawsuits containing duplicative claims. Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also* Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (federal suit may be dismissed when it duplicates claims in another pending lawsuit). The court will presume that Mr. Hawkins didn't mean to abuse the judicial process and instead was simply confused about how to proceed. The court will strike the complaint against Sergeant Leeper (ECF 9) and treat the complaint against Mr. Altenhof (ECF 4) as the operative pleading in this case.[1]

The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter

---

[1] Mr. Hawkins didn't use the court's approved form for prisoner 42 U.S.C. § 1983 complaints, nor does his filing against Mr. Altenhof track the form. *See* N.D. IND. L.R. 7-6 (providing that the court can require litigants representing themselves to use clerk-supplied complaint forms). He is clearly aware of the form; he used it to draft his complaint against Sergeant Leeper. (ECF 5.) In light of proceedings to date, the court will screen the complaint as drafted rather than require him to try again using the form.

to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Hawkins is proceeding without an attorney, the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Hawkins's claims arise from a criminal case in Elkhart County charging him with battery by means of a deadly weapon and other offenses.[2] *See* State v. Hawkins, No. 20D01-2111-F5-000253 (Elkhart Sup. Ct. filed Nov. 24, 2021). The public docket in that case reflects that Mr. Hawkins was found guilty in July 2022 and was recently sentenced to six years in prison. *Id.* Mr. Hawkins asserts that Mr. Altenhof, a public defender who represented him for a brief period but later withdrew, did a poor job of representing him, spoke to him rudely, and disregarded his wishes. In particular, Mr. Hawkins thinks Mr. Altenhof should have gotten him released on bond, and claims that Mr. Altenhof's failure to do so lead to the loss of his home, his personal belongings, and his dogs. He says he is "seeking relief from burden by Public Defender . . . and the process."

Mr. Hawkins's claims can't proceed because his public defender isn't a state actor who can be sued for constitutional violations. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when

---

[2] This court is allowed to take judicial notice of public records in determining whether the complaint states a claim. *See* FED. R. EVID. 201; Tobey v. Chibucos, 890 F.3d 634, 647 (7th Cir. 2018).

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Additionally, to the extent Mr. Hawkins is trying to assert a claim of ineffective assistance of counsel so as to obtain release from custody or invalidation of his criminal conviction, he can't do so in this civil rights suit. Instead, his sole remedy is through the federal habeas corpus statute. *See* 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 488 (1973).

This complaint doesn't state a claim upon which relief can be granted. The court affords ordinarily an indigent litigant an opportunity to amend his complaint before dismissing the case. But Mr. Hawkins was already granted an opportunity to amend, and the court finds no basis to conclude that if given another opportunity he could assert a plausible constitutional claim against his public defender. *See* Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) (leave to amend is not required when amendment would be futile).

For these reasons, the court:

(1) STRIKES the complaint against Sergeant Leeper (ECF 9);

(2) DISMISSES the case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted; and

(3) DIRECTS the clerk to close the case.

SO ORDERED on August 15, 2022

                                                      s/ Robert L. Miller, Jr.
                                                     JUDGE
                                                     UNITED STATES DISTRICT COURT